# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01991-WYD-BNB

TANGERINE TEMPLE, LLC,

     Plaintiff,

     v.

CHICTRONICS, LLC,

     Defendant

---

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the stipulation of plaintiff Tangerine Temple, LLC and defendant Chictronics, LLC, and for good cause shown, IT IS HEREBY ORDERED THAT:

1.     This order shall govern all documents, materials, testimony, transcripts, responses to requests for admissions, interrogatory responses, items, and other information obtained through discovery in this action (collectively "Information") that are designated as "Confidential" or "Attorneys' Eyes Only" under the terms of this order.  As used herein, the terms "Party" and "Parties" refer, individually and collectively, to all parties to this action.

2.     Any person (including Parties and third parties) that produces Information in this action and has a good-faith basis for claiming that such Information constitutes confidential or proprietary information may designate such Information as "Confidential Information" as

follows, provided that counsel for the producing party has reviewed the Information and

believes, in good faith, that it is confidential or otherwise entitled to protection:

      (a)    For documents, materials, or other written Information, whether in hard or

electronic copy, the person shall designate such Information as Confidential Information by

marking each page or item containing confidential information as "Confidential";

      (b)    For testimony, the person shall designate such Information as Confidential

Information by notifying the Parties before or during such testimony of the confidential nature of

such testimony.  Such person may require the reporter to label the portion of the transcript

containing the information as "Confidential" and to bind such portion separately; and

      (c)    For Information maintained in computer readable format or other

electronic media such as CDs, the person shall designate such Information as Confidential

Information by marking the media as "Confidential";

      3.    Information designated "Confidential" pursuant to this order shall not be

disclosed or provided (other than by the producing person) to anyone except (a) the officers,

directors, employees, and agents of the Parties, only for purposes of assisting in this action; (b)

attorneys for a Party, and employees of such attorneys and third-party vendors hired by such

attorneys to assist them with e-discovery and/or document preparation, copying, and processing

in this action ("Vendors"), only for purposes of assisting in this action; (c) deposition reporters

engaged in connection with this litigation, only for purposes of assisting in this action; (d)

experts and consultants, only for purposes of assisting in this action; and (e) the Court, as

provided in paragraph 9.

      4.    Any person may designate Information as "Attorneys' Eyes Only" Information if

it: (a) identifies the producing person's suppliers, distributors, or customers; (b) discloses the

producing person's costs of acquiring products; (c) discloses (either alone or in combination with other Information) the producing person's profit or profit margin from the sale of products; (d) contains other business information that would place the person at a competitive disadvantage if learned by any Party or person; or (e) contains other Information as to which the disclosing person has a reasonable basis for claiming heightened protection; provided that counsel for the producing party has reviewed the Information and believes, in good faith, that it is entitled to heightened protection as provided herein.  The same procedure shall be used to designate Information as "Attorneys' Eyes Only" as set forth in paragraphs 2(a)-(c).

5.      Information designated as "Attorneys' Eyes Only" shall not be disclosed or provided (other than by the producing person) to anyone except: (a) attorneys of record for a Party, and employees and Vendors of such attorneys of record, only for purposes of assisting in this action; (b) deposition reporters and videographers engaged in connection with this litigation, only for purposes of assisting in this action; (c) experts and consultants who are not competitors, officers, directors, or regular employees of a Party, and who are retained solely  for purposes of assisting in this action; and (d) the Court in this action, as provided in paragraph 9.

6.      A person's inadvertent or unintentional failure to designate Information as "Confidential" or "Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of that person's claim of confidentiality, if the disclosing person takes prompt action after discovering such omission to notify all Parties in writing that such Information is "Confidential" or "Attorneys' Eyes Only."  In such instance, any disclosures made of such Information prior to the receipt of such notice shall not constitute a violation of this order.

7.      Any non-Party that provides Information to any of the Parties or to the Court in this case may designate such Information as "Confidential" or "Attorneys' Eyes Only" in

accordance with this order, and such Information shall be under the same restrictions as if

produced by any of the Parties herein, and the Parties and other persons receiving such

Information shall have the same obligations with respect thereto as they have with respect to any

Information that is designated "Confidential" or "Attorneys' Eyes Only" by a Party.

8.      The Parties and any other person receiving Information that is designated as

"Confidential" or "Attorneys' Eyes Only" pursuant to this order shall only use such Information

for the legitimate purposes of this litigation and shall ensure that any copies that are made of

such Information bear the same designation as the original copies received.

9.      **Any request to restrict access shall comply with the requirements of**

**D.C.COLO.LCivR 7.2.**  ~~The Parties may use Information designated as "Confidential" and~~

~~"Attorneys' Eyes Only" in discovery responses, motions, briefs, and other pleadings, may mark~~

~~and use such Information as exhibits, and may use such Information in depositions, at hearings,~~

~~and at trial in this action, provided that such use satisfies the terms of this order.  The Parties~~

~~shall take all reasonable steps to keep the filing of Information under seal to a minimum.  The~~

~~Court shall hereafter determine what procedures shall apply at trial to Information designated as~~

~~"Confidential" or "Attorneys' Eyes Only."~~

10.     Prior to a receiving Party's disclosure of any Information designated as

"Confidential" or "Attorneys' Eyes Only" to any person other than an attorney of record (and

their staff and outside vendors) and Court personnel, the receiving Party shall provide a copy of

this order to such person and shall obtain such person's written agreement, in the form attached

hereto as Exhibit A, to comply with the terms of this order, and shall retain all such agreements

for the duration of this litigation and until all Information designated as "Confidential" or

"Attorneys' Eyes Only" is destroyed or returned to the producing person or until all such

Information becomes unprotected under paragraph 12.  In addition, for any Information

designated "Attorneys' Eyes Only", and prior to any disclosure, the receiving Party wishing to

make a disclosure shall provide a copy of Exhibit A executed by the intended recipient(s) along

with a current resume/CV of the intended recipient(s) to the producing Party.  The producing

Party shall thereafter have eight (8) business days to object to the disclosure to the intended

recipient(s).  In the event that the producing party timely objects in writing, the Parties must

meet and confer within five (5) business days of receiving the written objection in an attempt to

resolve the matter.  If no agreement is reached, any Party may file an appropriate motion with the

Court.

      11.    A Party may object to the designation of particular "Confidential" or "Attorneys'

Eyes Only" Information by giving written notice to the Party designating the disputed

Information.  The written notice shall identify the Information to which the objection is made.  If

the Parties cannot resolve the objection within ten (10) business days after the time the notice is

received, it shall be the obligation of the Party designating the Information as "Confidential" or

"Attorneys' Eyes Only" Information to file an appropriate motion requesting that the Court

determine whether the disputed Information should be subject to the terms of this Stipulated

Protective Order. If such a motion is timely filed, the disputed Information shall be treated as

"Confidential" or "Attorneys' Eyes Only" Information under the terms of this Stipulated

Protective Order until the Court rules on the motion. If the designating Party fails to file such a

motion within the prescribed time, the disputed Information shall lose its designation as

"Confidential" or "Attorneys' Eyes Only" Information and shall not thereafter be treated as

"Confidential" or "Attorneys' Eyes Only" Information in accordance with this Stipulated

Protective Order. In connection with a motion filed under this provision, the Party designating

the Information as "Confidential" or "Attorneys' Eyes Only" Information shall bear the burden

of establishing that good cause exists for the disputed Information to be treated as "Confidential"

or "Attorneys' Eyes Only" Information.

12.     Notwithstanding any other provision of this order, this order shall not apply to

any Information, whether "Confidential" or "Attorneys' Eyes Only," that (a) is or becomes

available to the public from a source other than unauthorized disclosure; (b) becomes available

to the Parties or their counsel on a non-confidential basis from a source other than the Parties or

their counsel, provided that it did not become available through unauthorized disclosure; or (c)

was available or known to the Parties or their counsel on a non-confidential basis before this

action, as demonstrated by the contemporaneous, written records of such Parties or their counsel.

13.     If any Party that has received "Confidential" or "Attorneys' Eyes Only"

Information subject to this Protective Order receives a subpoena or other form of legal process or

request in another proceeding seeking the production of any such Information, the receiving

Party shall give notice to the producing Party or person of the subpoena or other form of legal

process or request within five (5) days after receiving it and shall not produce any of the

"Confidential" or "Attorneys' Eyes Only" Information unless (a) the producing Party or person

fails to file a motion to quash or a motion for a protective order in the other proceeding within

ten (10) days after receiving notice from the receiving Party, or (b) after any such motion to

quash or motion for protective order is filed in the other proceeding, this Court or the court for

the other proceeding enters an order requiring the receiving Party to produce the Information.  In

the event that such an order is entered, the receiving Party shall only produce the "Confidential"

or "Attorneys' Eyes Only" Information that is specified in the order and only under the

conditions and in the form specified in the order.

14.     Notwithstanding any other provision of this order, this order shall not prevent a Party from disclosing Information designated as "Confidential" or "Attorneys' Eyes Only" to any person that the Party reasonably believes already has, or had, such Information in his, her, or its possession.  For example, an invoice or purchase order produced by a Party may be disclosed to the Party's customer or supplier identified in such invoice or purchase order.  As another example, documents may be shown to persons identified on a document as the addressee or other recipient of the document, such as a "cc" or "bcc" recipient.

15.     Nothing in this order shall be deemed to preclude any person from obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any Information produced in discovery in this action, or other modification of this order.  This order shall neither constitute, nor be used as a basis for, a finding that any person has waived any objections that it may have to the use, authenticity, relevance, or admissibility of any Information.

16.     At the conclusion of this litigation, whether by trial, settlement, or otherwise, including but not limited to any appeals or other requests for judicial review, all "Confidential" or "Attorneys' Eyes Only" Information, and all copies thereof, shall either be returned to the producing person or destroyed, at the request, election, and expense of the producing person, except that the attorneys of record for a Party may keep one archive copy.  The conclusion of this litigation shall not relieve any person to whom Information designated as "Confidential" or "Attorneys' Eyes Only" has been disclosed from the requirements of this order.

17.     This order shall remain in effect until modified, superseded, or terminated by (a) written consent of all Parties and all persons who have produced "Confidential" or "Attorneys' Eyes Only" Information that has not been destroyed or returned or (b) further order of this Court.

Dated January 11, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

Approved as to form and content:

DATED January 10, 2013.    By:    /s/Gregory M. Hess
    Gregory M. Hess
    PARR BROWN GEE & LOVELESS, P.C.
    185 S. State Street, Suite 800
    Salt Lake City, Utah  84111
    Phone: 801-532-7840
    Facsimile: 801-532-7750
    Email: ghess@parrbrown.com
    *Attorneys for Defendant Chictronics, LLC*


By: /s/Stephen R. Risley
    SMITH RISLEY TEMPLE SANTOS LLC
    Two Ravinia Drive, Suite 700
    Atlanta, Georgia 30346
    Telephone: (770) 709-0022
    Facsimile: (770) 804-0900
    Email: srisley@srtslaw.com
    *Attorneys for Plaintiff Tangerine Temple, LLC*

**EXHIBIT A**

**Acknowledgement and Agreement Regarding Information Covered By Protective Order Entered by the United States District Court for the District of Colorado.**

       I, the undersigned, affirm that I have read the Stipulated Protective Order dated _____, 20__ (the "Stipulated Protective Order"), which was entered by the United States District Court for the District of Colorado in the case captioned *Tangerine Temple, LLC v. Chictronics, LLC,* Civil Action No. 1:12-cv-01991-WYD-BNB, that I understand its terms, and that I agree to be bound by it.  I will not disclose or use any Information designated "Confidential" or "Attorneys-Eyes Only" under the provisions of the Stipulated Protective Order, except as may be permitted by the Stipulated Protective Order and will use the information solely for the legitimate purposes of the above-specified case in accordance with the Stipulated Protective Order.  I hereby submit to the personal jurisdiction of the United States District Court for the District of Colorado for the enforcement of the Stipulated Protective Order and knowingly and voluntarily waive any and all objections to jurisdiction and venue in that court with respect to any such enforcement.

       DATED this _____ day of _____, 20__.


_____
(Signature)


_____
(Print Full Legal Name)


_____
(Residential Street Address)


_____
(City, State, Zip Code)